## Strauch *v.* Pittsburgh, Appellant.

*Waters—Diversion—Construction of road—Municipality.*

Where a city constructs a road in a public park along the face of a hill, and carries the water from the upper side of the road by ditches to the lower side, and then down the hill by drains, and one of the drains breaks, with the result that a large volume of water which would naturally have flowed over the face of the hill was discharged against buildings producing serious damage, the owner of the buildings may recover from the city the loss sustained.

It is not improper for the court in such a case to refuse to charge that "if the jury believe that defendant did not collect the surface water in large and undue quantities, and conduct same into plaintiff's property, the plaintiff cannot recover."

In such a case a judgment on a verdict for plaintiff will not be reversed because the court admitted evidence as to the cost of a retaining wall necessary to protect the property against future slides of earth, where the uncontradicted evidence as to the extent of the injury by the overflow showed damage much in excess of the amount of the verdict.

*Waters—Diversion—Damages—Opinion of witnesses.*

In an action against a city to recover damages to buildings by the diversion of waters, it is not reversible error to permit a witness to testify to the cost of repair necessary to restore the buildings in a "lump sum," where it appears that the witness was a builder and contractor, and competent to testify on the subject. If the defendant in such a case desired detailed information or to test the accuracy of the knowledge of the witness, that could have been done on cross-examination.

Argued April 23, 1918. Appeal, No. 59, April T., 1918, by defendant, from judgment of C. P. Allegheny Co.,

July T., 1915, No. 2383, on verdict for plaintiff in case of
Catherine Strauch v. City of Pittsburgh.    Before OR-
LADY, P. J., PORTER, HENDERSON, HEAD and TREXLER, JJ.
Affirmed.

Trespass to recover damages for injuries to buildings
by reason of the diversion of waters in the construction
of a road.   Before MACFARLANE, J.

The facts are stated in the opinion of the Superior
Court.

At the trial John Strauch, a witness, produced on the
part of the plaintiff, was asked the following questions
on direct examination:

Q. What damage has been done to the house in which
you live?

A. After I fix up that house the way it is—

Q. Answer the question.

A. It cost me six or eight hundred dollars anyhow if
I fix my house up.

Objected to and counsel for defendant moves that that
answer be stricken out as not proper testimony.

By the Court: He means it would cost him that much.
The motion is refused and bill of exceptions sealed for
defendant.   (1)

Q. What would you have to do to hold that hill up
now?

A. I would have to make a concrete wall along my
wall.

By Mr. Benner: I object to any testimony as to that
as not being within the allegations of the statement of
claim.

Objection overruled and bill sealed for defendant.  (2)

Hubert Shafer, a witness produced on the part of the
plaintiff, was asked the following questions on direct
examination.

By Mr. Porter:

Q. Tell us what the cost of that whole wall is?

Objected to for the reason that it is immaterial and

251, (1918).]    Statement of Facts—Arguments.

irrelevant and not within the proper measure of damages.

Objection overruled and bill sealed for defendant.

Q. Give us the cost of building the whole wall?

A. The whole wall will cost $1,040.40.    (3)

Defendant presented these points:

2. If the jury believe that defendant did not collect the surface water in Schenley Park in large and undue quantities and conduct same into plaintiff's property, the plaintiff cannot recover and the verdict must be for defendant. Answer refused.   (4)

6. If the jury believe the damage to plaintiff's property either partly or wholly was caused by the withdrawal of the lateral support of defendant's park by the cutting down of plaintiff's property, the plaintiff cannot recover and the verdict must be for defendant. Answer refused.   (5)

8. As plaintiff's witnesses who testified as to the cost of repairs to the buildings gave only lump sums, without details, their testimony must be disregarded by the jury. Answer refused.   (6)

11. Under all the evidence, the verdict must be for the defendant. Answer refused.   (7)

Verdict and judgment for plaintiff for $800. Defendant appealed.

*Errors assigned* were (1-3) rulings on evidence quoting the bill of exceptions; (4-7) above instructions quoting them and (8) in refusing motion for judgment n. o. v.

*Thomas M. Benner*, Assistant City Solicitor, and *Stephens Stone*, City Solicitor, for appellant.—There should have been a binding instruction for defendant: McIntyre v. City of Pittsburgh, 238 Pa. 524; Strauss v. Allentown, 215 Pa. 96; Rielly v. Stephenson, 222 Pa. 252.

The court erred in permitting the plaintiff's witnesses to testify as to the cost of repairs in lump sums: Corr v. Sellers, 100 Pa. 169.

*Thomas L. Morris,* with him *L. K. & S. G. Porter,* for appellee: Strauss v. Allentown, 215 Pa. 96; Reilly v. Stephenson, 222 Pa. 252; Miller v. Laubach, 47 Pa. 154.

OPINION BY HENDERSON, J., July 10, 1918:

The plaintiff owned two lots with buildings thereon located at the bottom of a hillside which is a part of Schenley Park. Some years ago a road was constructed by the park authorities along the face of the hill nearly midway of the distance between the plaintiff's property and the top of the hill. The effect of the construction of the road was that water flowing down was accumulated in the ditch on the upper side of the road and thence conducted by drains to the lower side and down the hill. The complaint of the plaintiff is that one, at least, of the drains carrying the water from the road became out of repair and was broken, with the result that a large volume of water which would naturally have flowed over the face of the hill was discharged onto her premises and saturated the bank immediately at the rear of her lots so that a mass of clay slipped from the park property onto her land and against her buildings producing serious damage. It was not disputed that the road was constructed along the face of the hill and that its construction necessarily changed the flow of water falling on the hillside. The water from the land above the road which formerly had flowed naturally down the face of the hill was collected in the road ditch and taken under the road in drains. These drains were continued down the hill, but as shown by the plaintiff's evidence one of them, at least, was broken, a section of tile was removed, and the water instead of flowing in the course intended was discharged onto the plaintiff's premises. If the result of the work of the city was that testified to by some of the plaintiff's witnesses there can be no doubt of the liability of the municipality. The city had the right to improve its property and to make such roads and paths on the premises as it deemed useful, but that work must

251, (1918).]          Opinion of the Court.

have been done with due regard to the rights of property owners at the foot of the hill. Where the natural drainage was interfered with and the water collected and discharged in considerable quantities in a direction in which it would not have gone, responsibility arises for injury resulting from such a change. The channel which was constructed to take the water from the road was an artificial one and the city was not at liberty to permit water accumulated in the manner alleged to be discharged on the land of the plaintiff: Miller v. Laubach, 47 Pa. 154. It was claimed by the defendant that the plaintiff's injury resulted from the cutting off of the toe of the hill, thereby producing a bank or wall on the rear line of the lots, the necessary effect of which as contended by the defendant, was the sliding of the surface after the lower support had been removed. This cause of the injury was denied by the plaintiff, however, and the whole subject of its cause and extent was one to be determined by the jury. The testimony does not disclose any support for the appellant's contention that the court should have given binding instructions for the defendant. The seventh and eighth assignments are, therefore, overruled.

In the first and sixth assignments complaint is made that the witnesses were permitted to testify as to the cost of repair necessary to restore the buildings in a "lump sum." The subject was one on which each of the witnesses had knowledge. One of them was a builder and contractor and no sufficient reason appears why they might not testify as to what the reconstruction of the premises would probably cost. If the defendant desired detailed information or to test the accuracy of the knowledge of the witnesses that could have been done on cross-examination. They were not testifying in regard to the liability of the defendant nor was any question of law involved in their opinions. The case of Corr v. Sellers, 100 Pa. 169, to which the appellant refers related to the sufficiency of a charge in a book of account. It was

there held that a single item "to repairing brick machine" was not a good charge. Nothing was stated to indicate the number of days, weeks or months of labor claimed to have been performed on the machine or the price charged for any service; nothing to show the kind, quality or value of the materials furnished, nor the price charged therefor. That is a very different subject, however, from the competency of a witness to testify as to the cost of repairing a wall or removing a quantity of earth.

The second and third assignments of error are not matters of consequence in the light of the amount of the verdict. There was evidence that a retaining wall would be necessary to protect the property against future slides of earth and testimony as to what a wall of a particular description would cost. The court instructed the jury that "If that wall is not the proper thing and would not do the work and not hold it, then you haven't any testimony as to what could be done and would be the fair measure of cost and you could not allow anything there." The uncontradicted evidence as to the extent of the injury to the plaintiff's buildings by the overflow showed damage much in excess of the amount allowed by the jury. It is obvious, therefore, that the whole subject of a stone wall was disregarded. The jury acted on the instruction of the court, "If you find that the city is liable, the measure would be what reasonable amount it would take to put the building in the condition it would have been in had there been no damage done, for which you would find the city responsible."

The court could not have affirmed the plaintiff's second point which is the subject of the fourth assignment without disregarding the established rule with reference to the change of the natural flow of water. The point implied that the defendant might accumulate water and conduct the same onto the plaintiff's property if the quantity was not "large and undue." It is not the quantity which determines the liability of a defendant but

the diversion in such volume as inflicts injury on the lower owner.

In the sixth point the court was requested to charge the jury that if the plaintiff's damage resulted either partly or wholly by the withdrawal of the lateral support by the cutting down of plaintiff's property she could not recover.   It is not made clear in the argument how the act of the plaintiff in grading down her property, which she had an undoubted right to do, could excuse the defendant from unlawfully collecting water which it permitted to flow onto her premises.   It may be that her loss was larger because of the manner in which she had cut into the bank but there would still be liability on the part of the defendant if the water flowed in the manner and for the reason stated in the plaintiff's testimony.

The case was carefully tried by the learned presiding judge and the jury was instructed to limit its inquiry to the cause of action sufficiently established by the testimony.   No complaint is made of the charge and the defendant had a full and fair hearing.   We do not find any sufficient reasons for reversing the judgment.

Judgment affirmed.