## Elmer Di Foggi, by His Next Friend, Lucy Di Foggi, *v*. Commercial Union Assurance Company, Etc., Appellant.

*Insurance—Evidence—Questions of fact—Loss by fire—Proof of loss—Measure of damages.*

In an action of assumpsit on a fire insurance policy, where the plaintiff was permitted to place a valuation upon the furniture and fixtures, without first showing a qualification so to do, a verdict based upon such testimony cannot be sustained.

The inventory of the contents of the store made a short time before the fire showing the amount and value of the merchandise contained therein, may be admitted in evidence where there is testimony that it correctly states the amount and value of the merchandise when made and there is evidence of the amount of the sales and the goods received between the date of the inventory and the date of the fire.

Where the plaintiff has handed over all of his books and papers to the adjuster of the insurance company, and the insurance company then asks for binding instructions on the ground that plaintiff has failed to produce said papers, such instructions were properly refused.

An insurance company may waive requirements that the insured shall furnish verified plans and specifications of buildings, fixtures and machinery destroyed or damaged by fire.

When the insured in good faith transmits to the insurer what he terms sufficient proof of loss within the time required in the policy, it is the duty of the insurer, if such proofs for any reason are unsatisfactory, to promptly notify the insured, setting forth where-

in the proofs do not comply with the conditions of the policy, and thereby give the insured an opportunity to rectify his mistake. Silence on the part of the insurer for any considerable time after the receipt of such proofs of loss, will be taken to be a waiver of the necessity for any further proofs of loss, and the existence or non-existence of such a waiver is a question of fact for the jury.

Argued April 25, 1924.   Appeal, No. 147, April T., 1924, by defendant, from judgment of C. P. Butler Co., June T., 1923, No. 81, on verdict for plaintiff in the case of Elmer Di Foggi, by his next friend, Lucy Di Foggi, v. Commercial Union Assurance Company.   Before HEN-DERSON, KELLER, TREXLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit in a fire insurance policy.   Before REIBER, P. J.

The opinion of the Superior Court states the facts.

Verdict for plaintiff in the amount of $2,042 and judgment entered thereon.   Defendant appealed.

*Errors assigned* were, among others, various rulings on evidence, and the refusal of the defendant's motions for judgment non obstante veredicto and for a new trial.

*John M. Haverty*, and with him *B. R. Williams*, for appellant.—The plaintiff was not qualified to testify as to the value of the fixtures and furniture: Cummins v. Ins. Co., 192 Pa. 359.

The copy of the inventory was an ex parte statement by the assured, and should not have been submitted to the jury: Waynesboro Mutual Fire Ins. Co. v. Creaton, 98 Pa. 451; Sutton v. Ins. Co., 188 Pa. 380; Cole Bros. v. Assurance Co., 188 Pa. 345.

The condition to furnish verified plans and specifications is a condition precedent to the right of recovery: Cummins v. Ins. Co., 192 Pa. 359; Rosenberg v. Firemen's Fund Ins. Co., 20 Pa. 336; Coleman v. N. Y. Bowery Fire Ins., Co., 177 Pa. 239.

*James M. Galbreath,* and with him *W. H. Martin,* for appellee.

OPINION BY GAWTHROP, J., July 2, 1924:

On February 2, 1923, defendant issued to plaintiff a policy of insurance against loss by fire, covering the general merchandise and fixtures in a store building located at Anandale, Butler County. The amount of the policy was $2,000. The term was one year. On February 12, 1923, the merchandise and fixtures were destroyed by fire. Notice of the loss was given immediately to the company. Proof of loss was rendered to it within the period prescribed by the policy. The company was not satisfied with the proof of loss and demanded in writing a fuller one, pointing out wherein it was not in compliance with the conditions of the policy. Plaintiff then made out and mailed to the company a supplemental proof of loss, to which no objection was made. About that time, pursuant to defendant's request, plaintiff, accompanied by his attorney, went to the office of the company's adjuster in Pittsburgh. He took with him all books, records, bills and writings concerning his business, and left them with the adjuster. At that time plaintiff was examined under oath. His books and papers were returned to him about two months later. Defendant refused to pay the loss and this suit followed. In the affidavit of defense defendant set up that plaintiff was not the sole and unconditional owner of the property described in the policy; that plaintiff did not sustain damage to the extent claimed by him, and that his pro rata share of the loss (there being other insurance on the property) was less than the sum of $2,000; that plaintiff did not comply with the provisions of the policy in respect to the giving of notice and the filing of proofs of loss; and that his claim made in the proof of loss was fraudulent and excessive. This appeal is from a judgment entered on a verdict for plaintiff.

The first assignment of error is to the admission of certain testimony of plaintiff as to the value of the furniture and fixtures destroyed. The record shows the following: Q. "What value did you place on the furniture of the store, fixtures and furniture?" Mr. Williams: "Objected to; the witness is not qualified to show the value of the furniture." Court: "You ought to show the qualifications of the witness to fix the value. I think if the furniture was purchased some time ago that would be some evidence of the value of the furniture; it would not be conclusive. Objection overruled and bill sealed." A. "I placed $4,500." Q. "Was that the true value of it?" Objected to. Question withdrawn. Q. "How much did you say?" A. "I said $4,500." Q. "When did you purchase that property?" A. "November 20th or 21st." Q. "Prior to this fire?" A. "Yes, sir." Q. "The fire was in February and you purchased it in the November prior to that time?" A. "Yes, sir." This is the only evidence in the case of the value of the furniture and fixtures. The trial judge correctly ruled that the price paid for the furniture would be some evidence of its value. But the witness did not state the price he paid. He was permitted to place a valuation upon the furniture and fixtures without showing any qualification to do so. This was error which was materially prejudicial to defendant. The first assignment is sustained.

The second assignment complains of the refusal to exclude plaintiff's offer of an inventory of the contents (except the fixtures) of his store made by him two weeks before the fire. He testified that it correctly stated the amount and value of the merchandise. There was testimony to establish the amount of the sales and the amount of goods placed in the store between the date of the taking of the inventory and the date of the fire. Under these circumstances admission of the inventory in evidence was not error. The assignment is overruled.

The refusal of defendant's fourth point is the subject of the third assignment. That point was: "Where the

insured is called upon to produce books of accounts, bills, invoices, and other vouchers or certified copies thereof, if originals be lost, and fails to produce them, the burden is upon plaintiff to show that he at least made a reasonable effort to do so and was unsuccessful. If he fails to do this, then your verdict must be for the defendant." The point was properly refused because there was evidence that plaintiff had taken to the company's adjuster all of his books and papers and allowed them to remain there until they were voluntarily returned to him by the company. The assignment is overruled.

The fourth assignment charges error in refusing defendant's fifth point, which is as follows: "Policy provides that insured shall furnish, if required, verified plans and specifications of any building, fixtures and machinery destroyed or damaged. If the jury finds that demand was made for same by defendant upon the plaintiff, and the plaintiff failed to produce same or to comply with the demand of the company, then the plaintiff cannot recover on his policy, and your verdict must be for the defendant." The answer was: "Affirmed, unless the jury find as a fact that the company, by its conduct and omission, waived such requirements or demand." Under the evidence, this was proper instruction. The assignment is not sustained.

Under the sixth assignment, defendant urges that it was error to affirm the following point presented by plaintiff: "It appearing from the evidence in this case that the plaintiff submitted proofs of loss as required by the policy and that on objection thereto he furnished supplemental proofs of loss to the defendant, and that no objection was thereafter made that said supplemental proofs of loss were in any manner defective, it must now be presumed that the defendant company waived any defects in said proofs of loss, if such there were." It is well settled that when the insured in good faith transmits to the insurer what he terms sufficient proofs of loss

within the time required in the policy, it is the duty of the insurer, if such proofs for any reason are unsatisfactory, to promptly notify the insured, setting forth wherein the proofs do not comply with the conditions of the policy and thereby give the insured an opportunity to rectify his mistake. Silence on the part of the insurer for any considerable time after the receipt of such proofs of loss, will be taken to be a waiver of the necessity for any further proof of loss, and such proofs furnished by the insured will be held to be a compliance with the condition of the policy: Bush v. Hartford Fire Ins. Co., 222 Pa. 419. Under the facts as they appeared at the trial and the law applicable thereto, it was a question for the jury to determine whether defendant company had by its action and conduct waived any further proofs of loss than those furnished by the plaintiff. But in such a case there is no presumption of waiver of further proofs of loss which places upon the company the burden of disproving a waiver. In affirming this point the trial judge went too far. All that the plaintiff was entitled to was a fair submission of the question whether the company had waived the right to demand other and further proofs: Bush v. Hartford Fire Ins. Co., supra. Mere silence by the company after the insured has attempted to comply with the requirements of the company respecting proofs of loss may be sufficient evidence of waiver by estoppel: Gould v. Dwelling House Ins. Co., 134 Pa. 570. But from it no presumption of a waiver arises. This assignment is sustained.

The only other assignments of error requiring consideration are those which complain of the refusal of binding instructions for defendant and judgment n. o. v. in its favor. From an examination of the whole record, we all agree that the case was for the jury. There is no merit in the contention that the court could have said as matter of law that there was not sufficient evidence to submit on the question of plaintiff's sole and unconditioned ownership of the property insured.

The judgment is reversed with a venire facias de novo.