# Chauvin *v.* Superior Fire Insurance Co., Appellant.

*Insurance — Fire insurance — Standard policy — Arbitration — Failure of arbitrators to agree—Act of May 17, 1921, sec. 523, P. L. 682.*

1. The standard form of contract for fire insurance provided by section 523 of the Act of May 17, 1921, P. L. 682, does not affect the status of the policy as a contract between the parties.

2. The fact that the form of the policy is prescribed by statute does not confer any greater effect to bar the insurer's action than if the form had been chosen by the parties themselves.

3. An appraisement under the standard policy, or a bona fide effort to join therein, is merely a condition precedent to an action of the insured.

4. Where two appraisers have been appointed, and they choose an umpire, but no two of the three are able to join in an award, the assured has the right to revoke the arbitration agreement, and cannot be called upon to join in a second arbitration.

*Insurance—Fire insurance—Opportunity to rebuild—Waiver— Condemnation of building—Evidence.*

5. An insurance company in a suit against it for total loss cannot complain of being denied an opportunity to rebuild, where it knows that the fire marshal had ordered the ruin to be taken down, and stands by while this is being done, without exercising its option to rebuild within the time limit prescribed by the policy; this action operated as a waiver of the right to rebuild.

6. In such case notice and letters from the fire marshal and building inspector ordering the removal of the building, are competent as bearing on other testimony that the building was totally destroyed, and that plaintiff in removing it was doing so pur-

suant to orders, and that the building would have been removed by the city if he had not done so.

*Insurance—Fire insurance—Damages—Opinion of insured as to values.*

7. An insured, although not a real estate expert, may give an opinion as to the value of his premises destroyed by fire.

Argued March 20, 1925. Appeal, No. 66, March T., 1925, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1923, No. 310, on verdict for plaintiff, in case of Oscar E. Chauvin v. Superior Fire Insurance Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Assumpsit on fire insurance policy. Before SWEARIN-GEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $16,200. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*John M. Haverty,* with him *Charles W. Dahlinger,* for appellant.—Plaintiff was not qualified to testify as to the value of the building: Di Foggi v. Commercial U. A. Co., 83 Pa. Superior Ct. 518; Cummins v. Ins. Co., 192 Pa. 359.

The parties must make an honest effort to secure an award. The assured, in the absence of legal reasons, cannot arbitrarily set aside the duty and obligation as set out in his contract: Fritz v. Assurance Co., 208 Pa. 268; Krogulski v. Ins. Co., 68 Pa. Superior Ct. 47; Kelly v. Sun Fire Office, 141 Pa. 10.

*Wm. C. Jacob,* with him *Dale C. Jennings,* for appellee, cited: Seltzer Music Co. v. Ins. Co., 72 Pitts. L. J. 958; Seibel v. Ins. Co., 24 Pa. Superior Ct. 154.

OPINION BY MR. JUSTICE FRAZER, May 11, 1925:

Plaintiff contracted with defendant for a policy of fire insurance for $15,000 covering a building located in the City of Pittsburgh. A fire occurred March 7, 1923, in a property adjoining plaintiff's and spread to his, damaging the latter to such extent that the city building inspector and fire marshal ordered the walls taken down. In the meantime due notice of the fire had been given, and on March 12, 1923, two appraisers were chosen by the parties to fix the loss. These appraisers selected an umpire; no two of them, however, agreed, and, on April 27th, plaintiff revoked the appointment and filed proof of loss, which defendant rejected, alleging amount stated to be excessive and not proved in proper form and also demanded appointment of new appraisers, naming one to act on its behalf. To this action plaintiff declined to accede. The walls of the building remained standing for more than thirty days following the filing of proof of loss, after which time what remained of the building was taken down pursuant to orders of the fire marshal and building inspector. Plaintiff then sued for the face value of the policy, claiming a total destruction of the building, or practically so, and in support of this contention there was evidence that after removal of the destroyed part the remainder of the walls would become unsafe and the cost to repair the old wall would exceed the expense necessary to remove and rebuild all walls. Defendant denied total destruction and claimed the building capable of being repaired at a price much less than the face amount of the policy. The evidence being conflicting was submitted to the jury, who found in favor of plaintiff for the full amount of the claim with interest. Defendant appealed from the judgment entered on the verdict. Appellant argues that the appraisers first appointed having failed to agree, new appraisers should have been chosen on its demand and, having named one to act on its behalf, plaintiff was not justified in refusing to comply with the re-

quest. The policy is the standard form prescribed by statute and provides that in case the insured and the company fail to agree as to the amount of loss, each is required to select a competent appraiser, who, in turn, are authorized to choose an umpire, and that an award in writing should be made by the appraisers so chosen or any two of them. It is not denied that no two of the three persons so named were able to agree on an award nor is it alleged that fraud on the part of plaintiff existed or that he was in any way responsible for their failure to reach a conclusion. The policy makes no provision for the course to be pursued in the event of a failure of the appraisers to agree. We find no stipulation for appointment of a second board of appraisers, and for that reason all express requirements of the policy in this respect were fully carried out by plaintiff in choosing the first appraiser to act with the one selected by defendant.

The standard form of contract for fire insurance provided by statute does not affect the status of the policy as a contract between the parties, nor was it the intention of the legislature to lay down any rule of law for the construction of such contracts: Gratz v. Insurance Co., 282 Pa. 224, 230. Consequently the fact that the form of the policy is prescribed by statute does not confer any greater effect to bar plaintiff's action than if the form had been chosen by the parties themselves. They are deprived of no right they would have had if no statutory provision had existed: Gratz v. Insurance Co., supra; Reed v. Insurance Co., 138 Mass. 572. Construed as a contract and disregarding the fact that the form was by legislative enactment, the appraisement or a bona fide effort to join therein, was merely a condition precedent to an action by the insured (Gratz v. Insurance Co., supra) and where an attempt was made in good faith to carry out its provisions, and appraisement prevented owing to failure of the appraisers to agree, plaintiff had fully performed his obligation and is entitled to bring

suit without the necessity of appointing second appraisers. He was within his rights in revoking the arbitration agreement upon refusal of the appraisers or two of them to sign an award.

Defendant also complains it was denied an opportunity to rebuild the premises, which it alleges could have been done for less than the face value of the policy. It appears, however, that defendant was aware of the orders given by the fire marshal and building inspector and had ample opportunity to exercise its option. Nevertheless it stood by and saw the work going on and made no attempt within the thirty-day period to exercise its option to replace. This action operated as a waiver of the right to rebuild.

So far as the question of the amount of the loss is concerned, the testimony being conflicting it was necessarily for the jury. Plaintiff's witnesses fixed the amount, after allowing proper deduction for depreciation, in excess of the face value of the policy, while defendant's witnesses placed the value much lower. Under the circumstances the court was bound to leave the question to the jury.

Defendant complains of the admission of improper evidence on the question of value, in that plaintiff was permitted to testify as to the value of the building, in his opinion. The risk assumed under the policy was the "actual cash value" not exceeding the amount of the policy or the cost of replacement. While plaintiff was not a real estate expert and did not pretend to be, he was presumably familiar with his own property and defendant made no attempt to interrogate him as to his qualifications. There was no abuse of discretion in admitting the evidence and it was properly submitted to the jury: Markowitz v. P. & C. R. R. Co., 216 Pa. 535; Lally v. R. R., 215 Pa. 436; Strauch v. Pittsburgh, 70 Pa. Superior Ct. 251; Mengell's Exrs. v. Water Co., 224 Pa. 120.

It is also alleged the trial judge erred in admitting in evidence letters written by the fire marshal and notice received from the city building inspector, both ordering the removal of the building as a menace to public safety. The evidence was competent for the purpose of corroborating other testimony on behalf of plaintiff to the effect that the building was totally destroyed and that plaintiff, in removing it, was acting pursuant to orders received from public authorities and had been notified that unless he voluntarily removed the damaged property within the stipulated time the city would proceed to do so at his expense: Reyenthaler v. Phila., 160 Pa. 195.

The judgment is affirmed.