## Esper *v.* Northwestern National Insurance Co. of Milwaukee, Wis. et al., Appellants.

Argued April 19, 1934.

Before TREXLER, P. J., KELLER, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Jos. W. Ray, Jr.* of *Shelby, Hackney & Ray,* for appellant.

*A. E. Jones* of *Jones, Whitehill & Lane,* for appellee.

OPINION BY KELLER, J., July 13, 1934:

Northwestern National Insurance Company issued a policy of fire insurance to Marchie Esper, insuring the stock of goods and fixtures in her dry goods and grocery store in Uniontown, Pa., in the amount of $3,000. Northern Insurance Company issued her a policy insuring the household goods, furniture, clothing, etc., in her dwelling, which was in the same building as the store, in the amount of $1,500. A fire occurred on February 4, 1932 which practically de-

stroyed the property insured under both policies. These actions, which were tried together, were brought and resulted in verdicts in favor of the insured, the plaintiff, for $2,028.95 and $1,581 respectively, on which judgments were duly entered. The insurance companies have appealed.

1. The appellants' principal contention is that judgment should have been entered for the plaintiff for $1,350 and $1,000, respectively, plus accrued interest, instead of on the verdicts rendered, because of a writing signed by the plaintiff in the course of an attempted adjustment of the loss by an agent representing the insurance companies as follows:

"Uniontown, Pennsylvania, March 29, 1932.

To whom it may concern: We the undersigned hereby agree that the loss and damage occasioned by fire on February 4, 1932, is as follows:

Stock and fixtures ..................... $1,350
Household goods ...................... 1,000
                                        _____

Total ............................. 2,350

The above was covered by insurance on property of Marchie Esper at No. 152 West Berkeley Street, Uniontown, Fayette County, Pennsylvania.

```
                                        her
Witness:                     Marchie  X  Esper
   Loretta Shutterley.                mark
                             Mike Esper.''
```

In securing the signature of the plaintiff and her husband to this agreement the defendant companies were represented by an agent of the General Adjustment Bureau, one Wetmore, who testified on the trial that he had authority from the insurance companies to make an adjustment of the loss and bind the companies by his action. But he did not sign the agreement on behalf of the defendant companies, and it is undisputed that before it was signed on their behalf,

the plaintiff, who had been overpersuaded to agree to a compromise of her claims, repented of her action and notified the agent and the companies that she would not be bound by it nor accept the sums stated in it as full payment of her loss.

The 'agreement' does not itemize any values of household goods or merchandise and fixtures. The evidence shows clearly that it was an attempt to compromise the matters in dispute between the parties, not a statement of the insured as to the value of the insured goods. She had previously filed formal proofs of loss claiming a much larger amount. It was submitted by way of settlement, after much protestation on the part of plaintiff that it was inadequate, and was open to rescission or retraction at any time before it was accepted by the other party to be bound. There was direct, positive evidence in the case that this was its purpose and aim and that it was so represented to the plaintiff and her husband; and the paper itself supports this testimony. If Wetmore, the agent of the General Adjustment Bureau and representative of the defendants in their attempt to adjust the loss, had the authority to bind the latter in the adjustment and determination of the loss,—and no officer of the defendant companies confirmed his statement—, he certainly never exercised it by signing, on behalf of the insurers, the agreement which the plaintiff after much persuasion had signed in an attempted compromise of her claim. Until signed by him, or some duly authorized agent of the defendants, the insurers were not bound by the agreement; nor was the insured if she withdrew from it before the insurers became bound. The court below certainly did the defendants no harm by submitting to the jury the question whether the agreement of settlement had been entered into, that is, made and completed. As we view the testimony

the question might well have been decided by the court adversely to the appellants.

2. The appellants also contend that there was not sufficient competent evidence to support the verdicts; that Mike Esper, the plaintiff's husband, who was the principal witness on the question of value, was not a competent witness,—citing Di Foggi v. Commercial Union Assurance Co., 83 Pa. Superior Ct. 518. We think that case is readily distinguishable from this one and that the evidence is sufficient to sustain the verdicts.

Mike Esper was the husband of the plaintiff, in actual charge of the carrying on of her store for seventeen years. He bought for her the property insured under the Northwestern National policy, that is, the fixtures in the store and the goods which formed her stock in trade. He was certainly competent to express an opinion as to their value at the time of the fire. As to the household goods, the plaintiff and her two daughters testified as to the value of the clothing which was burned. They had bought the clothes and were familiar with the length of time they had been used and their present value. The husband had bought the furniture. He knew its cost and the length of time it had been used. He was testifying in detail as to the cost of the furniture until he was stopped by the appellants. This court said in the Di Foggi case, supra, p. 521, that "the price paid for the furniture would be some evidence of its value." He also testified as to the value, at the time of the fire, of the separate pieces of furniture, etc. While not a furniture merchant, he had been in business for seventeen years, he knew its cost and had some idea of the wear and tear and depreciation of household goods. The rule that an 'owner' may testify as to the value of insured goods, (Di Foggi v. Commercial Union As-

surance Co., supra; Fedas v. Ins. Co. of Penna., 300 Pa. 555, 559, 151 A. 285; Chauvin v. Superior Fire Ins. Co., 283 Pa. 397, 129 A. 326; Patterson v. Union Transfer Co., 84 Pa. Superior Ct. 273, 276; Ibid v. Ibid, 87 Pa. Superior Ct. 257, 258; Hofford v. N. Y. C. R. Co., 43 Pa. Superior Ct. 303, 316; Lloyd v. Haugh, 223 Pa. 148, 157, 72 A. 516), will be interpreted to include the husband of the owner, if he bought the goods for her and was familiar with their cost, the time when obtained and the condition of the goods at the time of the fire. In the Di Foggi case, supra, relied on by appellants, the plaintiff's evidence of value consisted only of a lump estimate—$4,500— "placed" by himself, the owner, on the property, without any details as to the pieces covered, their cost, when bought, their condition, or any other criteria of value. We held it was insufficient to support a verdict. In the present case seventy-eight pages of testimony were taken up in the examination and cross-examination of the details of Mike Esper's knowledge of the separate pieces of insured property, their cost, when bought, condition and value at the time of the fire. The plaintiff in this case furnished the evidence which we held was lacking in the Di Foggi case.

The value of the goods insured under the policy of the Northern Insurance Co., according to the evidence of plaintiff's witnesses, was about double the insurance covering the property, so that even considerable changes in values would not have affected the verdict against it. The verdict on the policy covering the goods and fixtures in the store was considerably less than the insurance carried, and somewhat less than the figures claimed by plaintiff. It reflected to some extent the evidence of defendants' witnesses.

A careful consideration of the evidence in the record

has not convinced us of any error on the trial calling for a reversal of the judgments.

The assignments of error are overruled and the judgments are severally affirmed.