Opinion by
 

 Kenwokthey, J.,
 

 This is an action in trespass to recover for the loss of certain personal property destroyed when the building in which plaintiff was a roomer collapsed, due to the alleged negligence of defendant in conducting an excavation project. The verdict was for plaintiff in the amount of $2,300 and the appeal is from the refusal of the defendant’s motion for new trial. Plaintiff himself was the only witness as to the identity and value of the articles lost; the question is whether the court erred in permitting him to state his opinion of the value of a number of them.
 

 The articles concerning which the testimony of value is challenged are two violins, several articles of jewelry, two pairs of eye-glasses, some scientific books, two fountain pens, a camera, some pictures in frames, some china and glassware, a radio, a pair of field glasses, a typewriter, some paintings and a few other minor items.
 

 Plaintiff was permitted, without objection, to state his opinion of the value of the clothing which was lost and defendant now concedes that the admission of this evidence was proper. In our opinion, plaintiff was qualified to give an opinion of the value of all the articles involved. The owner is deemed qualified, by reason of his relationship as owner, to give estimates of the value of what he owns regardless of his knowledge of property values, and the weight of such evidence is for the jury.
 
 Czerwinski v. National-Ben Franklin Fire Ins. Co.,
 
 138 Pa. Superior Ct. 84, 89,10 A. (2d) 40;
 
 Esper v. Northwestern Nat. Ins. Co.,
 
 113 Pa. Superior Ct. 243, 173 A. 724. The rule has even been applied to real estate.
 
 Chauvin v. Superior Fire Ins. Co.,
 
 283 Pa. 397, 129 A. 326.
 

 
 *160
 
 There are several items, such as the scientific books, some pictures in frames and some paintings, which plaintiff had bought in Eome and had never unpacked from the containers in which they had been delivered to this country, the values of which were lumped. This was improper.
 
 Di Foggi v. Commercial Union Assurance Co.,
 
 83 Pa. Superior Ct. 518. But no specific objection was made to the admissibility of those items on that ground.
 
 [1]
 
 Further, since the total values submitted to the jury by plaintiff on all the articles amounted to |2,388, and since the court, without objection, permitted the jury to add to their finding of value an additional amount as detention money calculated at the rate of 6% per year, the jury may very well have disregarded these items in arriving at their verdict, and, under the circumstances, the error would not, therefore, be reversible. See
 
 Gearhart v. A. & L. Val. Elec. Rwy. Co.,
 
 93 Pa. Superior Ct. 503, 507.
 

 Defendant had ample opportunity to cross-examine plaintiff and, in our opinion, the motion for new trial was properly overruled
 

 Judgment is affirmed.
 

 [1]
 

 Murray v.
 
 Frick, 277 Pa. 190, 121 A. 47.