## Arena v. MacMurray et vir

*Compton & Handler*, for plaintiff.

*Storey & Bailey*, for defendants.

SOHN, J., March 9, 1953.—This case involves an action in trespass for damages to plaintiff's tractor-trailer. The case was tried before the court and a jury and resulted in a verdict in the sum of $500 in favor of plaintiff against C. Eugene MacMurray. At the close of plaintiff's case, a nonsuit was entered with respect to other defendant, Edna MacMurray. Defendant, C. Eugene MacMurray, filed a motion for a new trial and also moved for judgment non obstante veredicto. At the argument of the case, the motion for the new trial was abandoned. The motion for this judgment was based upon the following submitted points:

1. Under all of the evidence your verdict must be for defendant.

3. (a) The damages to tires being included in the difference of the value before and after, and no damage to tires being pleaded, the jury cannot guess how much to exclude from the damage claim. Therefore, damages cannot be awarded.

11. Plaintiff having failed to prove the measure of his damages, your verdict must be for defendant.

We will first consider whether the plaintiff failed to prove the measure of his damages. One measure of damages for injuries to an automobile is the difference between its fair market value before the accident and its fair market value afterwards: Price v. Newell, 53 Pa. Superior Ct. 628; Yeager v. Winton Motor Carriage Company, 59 Pa. Superior Ct. 506; Chubb v. Zentz, 80 Pa. Superior Ct. 430.

Two witnesses were called in order to prove the value of the tractor-trailer before the accident. LeRoy Leister, an assistant shop foreman who was familiar with the tractor-trailer and had seen it many times, said it was worth $1,300 before the accident, and defendant himself gave that as his opinion as to its value before it was damaged. Leister could not give an opinion as to its value in its damaged condition. Plaintiff himself said that he had business dealings in tractors and trailers and that he had been in that kind of business for about 11 years. In that space of time he had owned five tractor-trailers. His cross-examination developed the fact that he had specific knowledge of his tractor-trailer in its damaged condition, that he had received estimates as to the cost of repairs, and as he said at one time in answer on cross-examination, "We figured up the whole thing." He finally said that he received $800 for it in a trade-in in its damaged condition and that he based his opinion upon what it was worth after the accident upon this fact.

There are two possible methods by which plaintiff could qualify to estimate the value of the tractor after

the accident. The first is by the reason alone of being the owner of the property, and the second is by general qualifications and knowledge in addition to being the owner.

We will first consider whether being the owner of itself is sufficient to qualify plaintiff to estimate the value of the tractor after the accident. Although we can find no Pennsylvania cases directly dealing with an owner of an automobile to testify to its value, a recent case, Pavloff, Admx., v. Clairton, 146 Pa. Superior Ct. 158 (1941), lays down the general rule that an owner by virtue of being owner of personal property is qualified to give an opinion as to its value. Judge Kenworthey, writing for the Superior Court, says:

"In our opinion, plaintiff was qualified to give an opinion of the value of all the articles involved. The owner is deemed qualified, by reason of his relationship as owner, to give estimates of the value of what he owns *regardless of his knowledge of property values*, and *the weight of such evidence is for the jury*. Czerwinski v. National-Ben Franklin Fire Ins. Co., 138 Pa. Superior Ct. 84, 89, 10 A. (2d) 40; Esper v. Northwestern Nat. Ins. Co., 113 Pa. Superior Ct. 243, 173 A. 724. The rule has even been applied to real estate. Chauvin v. Superior Fire Ins. Co., 283 Pa. 397, 129 A. 326." (Italics supplied.)

Other jurisdictions hold that an owner of an automobile may testify and estimate the value of the automobile. In Kohnle v. Carey, 80 Ohio App. 23, 67 N. E. 2d 98 (1946), the court at page 29 said:

"The testimony of Kohnle (the plaintiff), as to the value before and after the accident was admissible even though he admitted on cross-examination that he was not an expert on the value of wrecked cars. 17 Ohio Jurisprudence, 473, section 379, states:

" 'It is established in Ohio that the owner of personal property, because of such ownership, has a sufficient knowledge of its value to be qualified to give an opinion thereon which will be some evidence of the actual value, though not conclusive.' "

In Missouri the rule is the same. In State ex rel. v. McCullen et al., 357 Mo. 686, 210 S. W. 2d 68 (1948), at page 693, we find this statement:

"It has long been the rule that an 'owner of an automobile without further qualification may testify as to its reasonable value, and the jury determines the weight and value of such testimony.' "

In Nebraska the case of Folken v. Union Pacific R. R. Co., 122 Neb. 193, 239 N. W. 831 (1932) applies the same rule. Quoting from page 198 of the opinion we find:

"The testimony of the plaintiff, owner of the truck, as to its value before and after the injury was competent to be submitted to the jury to be weighed for whatever the testimony seemed worth."

In light of the recent Superior Court case of Pavloff v. Clairton, supra, and the cases from other jurisdictions, we find that Mr. Arena, the owner of the tractor-trailer, under the particular facts in this case, was qualified to testify as to its value. The weight to be given to such testimony is for the jury to determine. In the charge we said:

"Now, we say to you the weight or the value which you will give to Mr. Arena's testimony is solely for you. . . . You will have to determine whether these witnesses (as to value) knew what they were talking about and how much weight you will give to their testimony."

We now come to the further question whether the plaintiff, in addition to being the owner, also possessed general qualifications and knowledge which would

render him competent to testify as to the value of the tractor *after* the accident.

The rule stated in Davis, Trustee, v. Southern Surety Co., 302 Pa. 21, 26, is as follows:

"Moreover, the question of the qualification of a witness to express an opinion is one for the discretion of the trial judge whose ruling thereon will not be reversed by an appellate court except in case of clear error: McCullough v. Holland Furnace Co., 293 Pa. 45; Com. v. Cavalier, 284 Pa. 311; Allegro v. Rural Val. Mut. F. Ins. Co., 268 Pa. 333; Ryder v. Jacobs, 182 Pa. 624; Altman v. Lande, 84 Pa. Superior Ct. 399; Com. v. Blankenstein, 81 Pa. Superior Ct. 340; Beck v. Phila. Auto Trade Asso., 59 Pa. Superior Ct. 145. Where the witness has even slight qualifications, permitting him to express an opinion will not be treated as error: Seaman et al. v. Husband, 256 Pa. 571; Stevenson v. Coal Co., 203 Pa. 316; D. & C. Steam Towboat Co. v. Starrs, 69 Pa. 36. The weight of the opinion is of course for the jury. One, although not an expert, may give an opinion as to the value of property of the character and worth of which he has general knowledge: Wilhelm v. Uttenweiler, 271 Pa. 451; Jones v. R. R. Co., 151 Pa. 30, 47; Galbraith v. Phila. Co., 2 Pa. Superior Ct. 359."

In the case at bar the court had an opportunity to observe plaintiff, Arena, who admittedly could not read English, and had difficulty understanding the questions asked. Plaintiff testified on direct examination as follows:

"Q. Now, Mr. Arena, will you give us your opinion of the value of this Mack tractor after the accident?

"Mr. Bailey: I object.

"The Court: Now, do you understand that question? Are you able to estimate the value of this damaged tractor after the accident and before it was repaired, if it was repaired?

"A. Yes. When we get a——

"The Court: In its damaged condition, you understand that?

"A. Yes.

"The Court: But before repairs were made to it?

"A. How long it was before?

"The Court: Do you have an opinion as to its value after the accident and before any repairs were made to it?

"A. Yes.

"The Court: Can you answer that?

"A. Yes.

"By Mr. Berman:

"Q. What was its worth, in your opinion, after the accident?

"A. It was $800."

The trial court within its discretion determined that plaintiff because of his 11 years in the business and his past experience in buying and selling tractors, and because he saw the various damages to his tractor after the accident, was competent to testify to its value after the accident. The weight of his testimony was for the jury.

Defendant also contends that even though plaintiff was competent to give his opinion as to value, it was not his opinion but that of the person making the trade-in. On direct examination plaintiff stated that in his opinion the value after the accident was $800. On cross-examination he stated that he based such valuation on what he received in the trade-in. It must follow that if he was satisfied to trade it in on that basis, that is what he thought the value really was. We have already determined that plaintiff because of the reasons stated was qualified to state his opinion of the value of the tractor after the accident. The mere fact that two people have the same idea as to the value of an article does not make the testimony incompetent.

In Davis, Trustee, v. Southern Surety Co., 302 Pa. 21 (1930), the court at page 26 says:

"The opinion given by the witness was his own and that it was formed in part by the aid of an expert, or by what he had learned from other contractors, did not require its exclusion."

We, therefore, conclude from the testimony in this case that plaintiff has established his right to testify as to the value of the tractor after the accident.

The next question before the court is whether the damages to tires, entering into and being part of the difference in the value before and after, and no damage to tires being pleaded, the jury had to guess how much to exclude from the damage claim and, therefore, that no damages can be awarded.

Paragraph 7 of plaintiff's complaint states:

"That as a result of the collision the said truck was damaged in and about the frame, rear end housing assembly, springs, rear axle, and was otherwise badly damaged."

It is an established rule of pleading that general damages need not be specifically pleaded: Parsons Trading Co. v. Dohan et al., 312 Pa. 464, 167 A. 310 (1933); Ashley Machine Tool Co. v. P. G. Lasky & Son, 41 Luz. 307 (1952). In Strausner v. Myers, 66 D. & C. 634, 639 (1949), the court made the following statement:

"Pa. R. C. P. 1019(a) provides that in a pleading 'The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.' . . . The purpose of pleading is to inform the other party of what he has to meet so he can properly prepare his case. In an action of trespass for damages to an automobile defendant is entitled to know generally what damage plaintiff claims was done to his automobile so he may intelligently investigate if he desires to do so."

Again in Davis et al. v. Carr, 61 D. & C. 479 (1948), at page 482, the court says:

"With reference to defendant's remaining objections, 4 and 5, that the complaint does not specifically set forth the nature of the damages to the automobile . . . this is not borne out by the complaint and cannot be sustained, unless we would construe the Procedural Rules to require a full itemization of all the damages sustained to the automobile which, in our opinion, they do not contemplate."

In a similar case of Toussaint v. Lehigh Valley Transit Co., 67 D. & C. 387, 388 we find the court says:

"We believe a plaintiff is entitled to a catch-all after specifying the main items of damage."

Under the reported decisions plaintiff has sufficiently pleaded his damages as required by the procedural rules. In addition Pennsylvania Rule of Civil Procedure 1028(*b*) states:

"All preliminary objections shall be raised at one time. . . ."

With the exception of certain defenses expressly preserved by rule 1032, those which are not raised within the time for filing preliminary objections are deemed waived.

"This waiver extends . . . to defects of form, such as the failure to be sufficiently specific, or the absence of a proper verification. . . .": 2 Anderson Pa. Civil Practice 502.

In this case defendant did preliminarily object to plaintiff's complaint and required more specific pleadings as to other portions of the complaint. If defendant desired a more specific pleading with respect to damages to the tractor, he could have so requested. Not having done so, he has waived any such defect which may have appeared in plaintiff's complaint. We feel that the entire answer to defendant's contention in regard to this matter is that defendant did not claim

as his measure of damages the cost of repairs to the vehicle, but the difference in value. There was definite testimony in the case as to the damage to tires of both rear wheels of the trailer. It would be foolish to argue that the tires do not constitute part of the trailer, and if they were damaged because of the accident, then certainly plaintiff may recover for this loss in value.

### Order

And now, to wit, March 9, 1953, the motion of defendant, C. Eugene MacMurray, for judgment non obstante veredicto is hereby refused.