J-A07042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAPHEL BERRIEN III | : | |
| | : | |
| Appellant | : | No. 1208 EDA 2020 |

Appeal from the PCRA Order Entered April 29, 2020
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001131-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAPHEL BERRIEN III | : | |
| | : | |
| Appellant | : | No. 1209 EDA 2020 |

Appeal from the PCRA Order Entered April 29, 2020
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001132-2017

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JUNE 8, 2022**

Appellant, Raphel Berrien III, appeals *pro se* from the order entered in

the Lehigh County Court of Common Pleas, which denied his first petition for

collateral relief under the Post Conviction Relief Act ("PCRA").[1] We vacate and

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On April 26, 2018, a jury convicted Appellant of stalking and harassment at docket No. CP-39-CR-0001131-2017, and of criminal trespass at docket No. CP-39-CR-0001132-2017. The court sentenced Appellant on June 5, 2018, to an aggregate term of 58 to 120 months' imprisonment. The next day, the court appointed Attorney Sean Poll to represent Appellant for post-sentence motions and on appeal. Attorney Poll timely filed post-sentence motions on Appellant's behalf on June 15, 2018, which the court denied on June 20, 2018.

While still represented by Attorney Poll, on July 3, 2018, Appellant filed a *pro se* single direct appeal listing both underlying docket numbers. On September 21, 2018, Appellant asked the court to let Attorney Poll withdraw his representation. Following a hearing on October 11, 2018, the court granted Appellant's request. This Court quashed the direct appeal on October 1, 2019, as violating the then-recent Supreme Court decision in **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018) (holding that common practice of filing single notice of appeal from order involving more than one docket will no longer be tolerated; such practice violates Pa.R.A.P. 341, which requires filing of separate appeals from order that resolves issues arising on more than one docket; failure to file separate appeals generally

requires appellate court to quash appeal).[2] *See Commonwealth v. Berrien*, No. 2059 EDA 2018 (Pa.Super. Oct. 1, 2019) (unpublished memorandum).

On October 17, 2019, Appellant timely filed the current PCRA petition *pro se*.[3] The court appointed counsel on November 1, 2019, who filed a motion to withdraw on March 4, 2020, along with a *Turner*/*Finley*[4] no-merit letter. On March 19, 2020, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907 and granted counsel's request to withdraw. Appellant filed a *pro se* response on April 24, 2020. The court denied PCRA relief on April 29, 2020. On May 29, 2020, Appellant timely filed a *pro se* notice of appeal at each underlying docket. This Court subsequently consolidated the appeals *sua sponte*. On June 22, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), which Appellant timely filed on July 14, 2020.

---

[2] In *Commonwealth v. Young*, ___ Pa. ___, 265 A.3d 462 (2021), the Supreme Court expressly overruled the pronouncement in *Walker* that the failure to file separate notices of appeal in connection with issues arising at more than one docket necessarily requires this Court to quash the appeal. The *Young* Court held that Pa.R.A.P. 341 "requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate." *Id.* at ___, 265 A.3d at 477.

[3] The current PCRA petition is Appellant's first PCRA petition following his direct appeal. Appellant previously filed premature PCRA petitions.

[4] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

- 3 -

Appellant raises the following issues for our review:

1) **Was the *Finley* "no merit" Letter filed in this matter by [PCRA counsel] deficient in that it did not follow the edicts of [*Finley*] which were:**

a) The "no merit" letter by [PCRA counsel] did not list each issue Appellant wished to have reviewed?

b) [PCRA counsel] lacked an explanation in the "no merit" letter, of why Appellant's issues were meritless?

c) [PCRA counsel] was ineffective and abandoned Appellant by:

i) Failing to amend the PCRA petition?

ii) Failed to serve a copy of the *Finley* "no merit" Letter to Appellant?

iii) Refused to communicate with Appellant throughout the process in regards to his issues of arguable merit?

2) **Did the Trial Court abuse its discretion and erred by**:

a) Refusing to appoint counsel to represent your Appellant pursuant to the Sixth and Fourteenth Amendments of the U.S. Const. and Pa. Const. Art. I § 9?

b) Forced Appellant to proceed *pro se* during all critical stages of the trial process without holding a "***Grazier***"[5] hearing or an on the record colloquy pursuant to Pa.R.C.P. 121(c)?

3) **Did the Trial Court abuse its discretion and erred by pre-determining the outcome of trial without looking at the evidence and failed to justify the sentence?**

4) **Did the Trial Court lack subject matter jurisdiction over him due to invalid criminal complaints, affidavits of probable cause, arrest and search warrants?**

_____

[5] ***See Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998).

a) Did the Trial Court abuse its discretion and erred by refusing to Recuse/Disqualify herself due to her appearance of impropriety towards your Appellant?

5) **Was pre-trial attorney, David Ritter, ineffective when he:**

a) Failed to communicate with Appellant?

b) Did not investigate the case(s) when he failed to challenge the invalid criminal complaints, affidavits of probable cause, arrest and search warrants?

6) **Was pre-trial attorney, Craig Neely, ineffective when he:**

a) Failed to file a pre-trial suppression motion?

b) Did not investigate the case(s) when he failed to challenge the invalid criminal complaints, affidavits of probable cause, arrest and search warrants?

c) Failed to consult with your Appellant about a defense strategy?

7) **Was post-trial attorney, Sean Poll, ineffective when he Abandoned your Appellant upon commencement of representation?**

(Appellant's Brief at 2-4) (emphasis added for readability).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. H. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932

- 5 -

A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. J. Ford*, 44 A.3d 1190 (Pa.Super. 2012).

For purposes of disposition, we initially consider Appellant's seventh issue on appeal. Appellant argues that direct appeal counsel, Attorney Poll, failed to meet face-to-face to consult with Appellant, investigate the case, correspond with Appellant, or otherwise communicate with Appellant upon commencement of his representation. Appellant asserts that Attorney Poll failed to file a notice of appeal on Appellant's behalf, which prompted Appellant to file a *pro se* notice of appeal. Appellant maintains this Court ultimately quashed the appeal because it was defective under *Walker*, but Attorney Poll did not inform Appellant about the defect. Appellant claims Attorney Poll violated various Rules of Professional Conduct. Appellant insists Attorney Poll was ineffective by denying Appellant the right to a direct appeal. Based on Attorney Poll's deficient representation, Appellant contends he was forced to file a petition requesting that Attorney Poll withdraw his representation. Appellant concludes Attorney Poll was ineffective, and this Court must grant appropriate relief. For the following reasons, we agree relief is due.

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 242 A.3d 908 (2020). In general:

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining

- 6 -

process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted).

Nevertheless, there are certain scenarios in which counsel's performance is so deficient, such that counsel is "*per se* ineffective" and the petitioner need not establish prejudice to succeed on his ineffectiveness claim. Our Supreme Court has explained

the distinction between situations in which counsel has narrowed the ambit of appellate review by the claims he has raised or foregone versus those instances…in which counsel has failed to file an appeal at all. …[T]he difference in degree between partial and complete deprivations of review is significant, as the latter is the functional equivalent of having no counsel at all. This denial of counsel constitutes a form of ineffectiveness *per se*, pursuant to which prejudice must be presumed because the process itself has been rendered "presumptively unreliable" under the Sixth Amendment.

*Commonwealth v. Peterson*, 648 Pa. 313, 323, 192 A.3d 1123, 1129 (2018) (internal citations and most quotation marks omitted). *See also Commonwealth v. Rosado*, 637 Pa. 424, 150 A.3d 425 (2018) (explaining that errors which completely foreclose appellate review amount to constructive denial of counsel and thus ineffectiveness *per se*, whereas those

which only partially foreclose such review are subject to ordinary three-prong ineffectiveness test).

Instantly, the trial court sentenced Appellant on June 5, 2018. The next day, the court appointed Attorney Poll to represent Appellant for post-sentence motions and on appeal. On June 15, 2018, Attorney Poll timely filed a post-sentence motion on Appellant's behalf, which the court denied on June 20, 2018. Although still represented by Attorney Poll, on July 3, 2018, Appellant filed *pro se* a timely but defective notice of appeal,[6] where Appellant filed a single notice of appeal listing both underlying docket numbers. As stated, such procedure violated ***Walker***, which was issued on June 1, 2018. On September 21, 2018, Appellant asked the court to let Attorney Poll withdraw his representation. Following a hearing on October 11, 2018, the court granted Appellant's request. On October 1, 2019, this Court quashed Appellant's appeal under ***Walker***. ***See Berrien, supra***.

In denying Appellant's PCRA petition, the PCRA court stated that it "adopt[s] the thorough discussion outlined in the [***Turner***/***Finley***] letter[.]" (Rule 907 Notice, 3/19/20, at 1 n.1). In the ***Turner***/***Finley*** letter, PCRA

---

[6] Generally, hybrid representation is not permitted in this Commonwealth; thus, this Court will not accept *pro se* filings while an appellant is still represented by counsel. ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa.Super. 2016). Nevertheless, the filing of a *pro se* notice of appeal while represented by counsel is distinguishable from other filings because a notice of appeal protects a constitutional right. ***Id.*** at 624. Accordingly, a *pro se* notice of appeal received from the trial court shall be docketed, even in instances where the *pro se* appellant was represented by counsel. ***Id.*** at 623.

counsel reasoned that Appellant's claim lacked merit because Appellant had filed the defective notice of appeal *pro se* (not Attorney Poll), and Appellant refused Attorney Poll's representation on appeal by filing a request for Attorney Poll to withdraw. (***See Turner***/***Finley*** Letter, filed 3/4/20, at 6-7).

On this record, we cannot agree with the reasoning of PCRA counsel, which the PCRA court adopted. The record makes clear that Attorney Poll still represented Appellant when Appellant filed the defective *pro se* notice of appeal on July 3, 2018. The Supreme Court announced the decision in ***Walker*** on June 1, 2018, so counsel should have been aware of it at this time. Thus, counsel should have filed amended, counseled notices of appeal at each underlying docket within 30 days of the order denying post-sentence motions to comply with ***Walker***. Counsel's failure to do so effectively foreclosed appellate review such that it constitutes *per se* ineffective assistance of counsel. ***See Peterson, supra***; ***Rosado, supra***.

The fact that Appellant requested, and the court later permitted Attorney Poll to withdraw does not change our conclusion, because those events occurred **after** Appellant had already filed the defective notice of appeal while he was still represented by counsel. Under these circumstances, and particularly in light of our Supreme Court's recent decision in ***Young*** which expressly overruled the mandatory quashal enunciated in ***Walker***, Appellant should have an opportunity for a direct appeal. Accordingly, we

vacate the order denying PCRA relief and remand for reinstatement of Appellant's direct appeal rights *nunc pro tunc*.[7]

Order vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judge Dubow joins this memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/08/2022

---

[7] Based on our disposition, we decline to address Appellant's remaining issues presented in this appeal.