# Whitesell *against* Crane.

In a suit to recover the value of a trunk lost from a stage-coach, the plaintiff is competent to prove the contents of his trunk, and the value of the articles composing them.

A mere service of a subpœna on a witness residing within 40 miles of the court will not authorize his deposition to be read in evidence in the cause: the party must bring him in by attachment if he can.

Parol evidence is admissible to show the contents of a handbill put up in a stage-office four years before, containing a notification of limited responsibility.

Evidence of the usual course of a stage-office for passengers to call there and have their names registered in the stage-book and where they were to be called for, is evidence to affect a party with notice.

The printed conditions of a line of public coaches are sufficiently made known to passengers by being pasted up at the place where they book their names.

ERROR to the Common Pleas of *Northampton* county.

This was an action brought by Franklin L. Crane against Andrew Whitesell and others, to recover the value of a trunk and its

VIII. — 47

contents. It appeared that, in October 1838, the plaintiff and wife took passage from Philadelphia to Easton, the residence of the plaintiff, in a stage-coach of the defendants. Their baggage, consisting of one trunk, was placed in the boot, which was securely fastened. On their arrival at Doylestown the trunk was gone, and from the evidence it would seem to have been stolen.

1. The plaintiff, Crane, was offered to prove the contents of his trunk, and the value of the articles composing them. The defendants objected on the ground of interest, but the court overruled the objection and admitted the witness, and the defendants excepted.

2. The plaintiff read a subpœna for Owen Rice to appear and testify, with an *ex parte* affidavit endorsed thereon as to the service of the same, and offered in evidence the deposition of Rice, taken under a rule of court. The defendants objected to this evidence, 1. Because the *ex parte* affidavit of service of the subpœna was not sufficient. 2. That Rice was living at the Crane Iron Works, only 16 miles from Easton (place of trial), and that due diligence had not been used to procure his attendance. The court overruled the objections, and admitted the deposition to be read, and the defendants excepted.

Several agents of the defendants testified that in 1838 they had put up the handbills of the defendants in all the taverns and stage-offices in Easton, and distributed them throughout all the routes. They were also posted up in the stage-office of the defendants in Philadelphia, upon the side of the wall, up against the wall fairly, so that any one coming in might see them. Some parts were in large type, some in small. That, shortly before the trial, in April 1844, they had searched for these bills in the present office of the defendants in Philadelphia, but could not find them. The old office was then occupied as a fancy dry-goods store. They had also searched for them at Easton without success.

3. The defendants then offered to prove by witnesses the contents of handbills put up in 1838, and that they contained a distinct notification, in conspicuous characters, that "all baggage was at the risk of the owners." The plaintiff objected to this evidence; the court overruled it, and the defendants excepted.

4. The defendants then offered to prove by witnesses, who travelled in the said line of stages before and about the time of the alleged loss of the plaintiff's trunk, the fact of such handbills being up at divers places on the route, and at Philadelphia and Easton, containing the notification above stated—" all baggage at the risk of the owners"—and that it was notorious to all persons passing and repassing in the stages. The plaintiff objected; the court rejected the evidence, and the defendants excepted.

5. The defendants then offered to prove by witnesses the usual manner in which the names of the passengers in this line of stages were entered, and the passengers called, to wit: " that the pas-

[Whitesell v. Crane.]

sengers called at the stage-office, and had their names registered in the stage-book, with the places mentioned in the margin where they were to be called for." The plaintiff objected; the court overruled the evidence, and the defendants excepted.

6. The defendants then again offered to prove the matters contained in the 3d and 4th bills of exception. The plaintiff objected; the court overruled the evidence, and the defendants excepted.

The defendants requested the court to charge " that the plaintiff's own oath as to the quantity and value of the contents of the trunk is insufficient, alone, to satisfy the jury of that value." Answer. The plaintiff's own oath is evidence as to the quantity and value of the articles in the trunk. It is not conclusive evidence. The quantity and value are facts for your decision, and if there is nothing in the case which makes you distrust the truth of the plaintiff's own oath, it would be sufficient alone to satisfy you both as to the quantity and value of the contents of the trunk.

Errors assigned:

1. In receiving the evidence mentioned in the 1st bill of exceptions.

2. In admitting the deposition of Rice.

3. In rejecting the evidence mentioned in the 3d, 4th, 5th and 6th bills of exception.

4. In their answer to defendants' point.

*W. A. Porter* and *J. M. Porter*, for plaintiff in error.

The plaintiff was competent to prove the contents of his trunk, but not their value. That might have been proved by others. *Clark* v. *Spence*, (10 *Watts* 335); *Bingham* v. *Rogers*, (6 *Watts & Serg.* 500).

Service of the subpœna was not sufficient to make the deposition evidence. There might have been an understanding that the witness was not to attend. The party should have had him brought in on an attachment.

That the handbills put up in the office were sufficient to affect the plaintiff with notice, they cited 2 *Stark. Ev.* 288; 4 *Burr.* 2298; 2 *Amer. Com. L.* 545; 2 *Watts & Serg.* 230; 2 *M. & S.* 2; 1 *Stark. R.* 72; 4 *Whart.* 482; 5 *Rawle* 188.

*Reeder*, contra.

The object of proving contents is to judge of their value. At all events, the plaintiff must show their state, quality, condition, &c.; and their value is but an inference from these. In *Clarke* v. *Spence* and *Bingham* v. *Rogers*, the plaintiff was allowed to prove value.

The affidavit of service of the subpœna is the usual practice, and sufficient to satisfy the court that it has been served. 16 *Serg. & Rawle* 220; 1 *P. R.* 320.

[Whitesell v. Crane.]

Clear and explicit notice of the contents of the handbills must be shown to the plaintiff. *Chitt. Con.* 489; 9 *Wend.* 9.

The opinion of the Court was delivered by

GIBSON, C. J. — On the ground of necessity, the plaintiff was competent not only to specify the articles contained in the trunk, but to prove the value of them. Book entries by the party's own hand are evidence, not only of sale and delivery, but also of price, which is a part of the contract. Originally such entries were allowed to prove, perhaps, no more than delivery; but experience induced the courts to go further. Yet the value of merchandise, bearing, as it does, a determinate price in the market, might be more readily estimated from description than the more uncertain value of clothing in every degree of wear, which the owner would be better able to estimate than a disinterested witness, who must, after all, found his judgment on the description which the owner may choose to give. Why trust to his data, and not to his estimate? It is as easy to give a false description as to overstate the value. The plaintiff's testimony, therefore, was properly received.

But the deposition of the witness, who was within sixteen miles of the court-house, ought to have been ruled out. The rule of the Common Pleas in regard to it is a fragment of a most excellent system, established by the presidents of the judicial districts at the organization of the county courts under the constitution of 1790; and this part of it has been preserved entire until the present day. Indeed, it was taken from the rule of this court, which is still in force, and depositions under it have always been deemed provisional and secondary. In days gone by, the superiority of an examination in the face of the court and jury was justly appreciated, and I will not dwell on it; but to prevent truth and justice from being sacrificed to indolence and want of preparation, or something worse, it is our business to preserve at least the remembrance of it. These depositions have invariably been received as substitutes for present examination only when it was unattainable without a too great expenditure of money or trouble; and the party has always been required to produce the witness, if he were able to attend, and within the compass of forty miles. Was it in the plaintiff's power to produce him? It is not pretended that he could not have been compelled to attend; and why was he not? When a party would prefer the deposition of his witness to an examination of him in court—and there are too many instances of such preference—the mere service of a subpœna ought obviously not to stand for an excuse for his absence. If it were allowed, causes would, for the most part, be tried on depositions only; for few witnesses would attend of choice. It is easy to serve a subpœna; and easier still to make the witness comprehend that his attendance is not desired. Even where a party has acted

[Whitesell v. Crane.]

with good faith, he is chargeable with laches if he do not have a defaulting witness brought in on attachment. A proper ground, therefore, was not laid.

The other exceptions are to the exclusion of evidence to prove conditions contained in handbills, conspicuously placed in the stage-offices at Easton and Philadelphia, and put up in taverns along the route, one of which was said to be exemption from risk for luggage, and to prove the course of the office in regard to booking the names of passengers, in order to raise a presumption of notice.

The evidence of destruction was sufficient. Of all documents, a handbill is the most fugitive and perishable. Who ever knew such a thing to be preserved, as required in this instance, for four years? Pasted on an outside wall, it is destroyed by the elements; in the bar-room of a tavern, by those who light cigars; and in an office, by the next occupant. The apartment in which the office of the defendants had been kept in Philadelphia was used as a dry-goods store at the time of the search; and it is probable the office at Easton had undergone a similar transformation. In these circumstances, to require the original to be produced, or its destruction to be positively proved, would be unreasonable; and the proposed evidence of contents ought to have been received.

Evidence of the course of the office was competent to affect the plaintiff with notice. It was held, in *Mesnard* v. *Aldridge*, (3 *Esp.* 271), that the printed conditions of an auction are sufficiently made known to bidders by being pasted up in the auction-room; and the printed conditions of a line of public coaches are, with equal reason, sufficiently made known to passengers by being pasted up at the place where they book their names. It is their business to take notice of regulations which are sufficiently notorious by being published there, without requiring the book-keeper to repeat to each that luggage is at the risk of the owner. They are bound at all events; and though a servant be sent to the office, constructive notice to him is notice to his principal.

There is no apparent error in the charge; but as the cause will be tried on evidence which will probably present a different case, it has not been thought proper to examine the points in detail.

Judgment reversed, and a *venire de novo* awarded.