Caldwell, J.
In the court below, the proceeding was an action of assumpsit, brought by Cochran Fulton against the railroad company, to recover the value of a trunk and contents. The plaintiff in the court below proved, on the trial, that on February 10, 1850, his wife took passage in the defendant’s cars at Tiffin, for Springfield, having a trunk worth from six dollars to ten dollars, which contained her clothing. One witness testified that he saw one lady’s dress, and some other ^articles of clothing put into the trunk. The company delivered its check to Mrs. Fulton at Tiffin, for the trunk, and it was admitted that the trunk was not afterward delivered to her, but was lost or stolen somewhere on the way between Tiffin and Springfield. Mrs. Fulton having passed through from Tiffin on the cars, at Springfield presented her check, and demanded the trunk.
The plaintiff below having proved the above facts by other witnesses, then offered the deposition of his wife, to prove the description and value of the contents of the trunk. To the introduction of this evidence the defendant below objected ; the court overruled the objection, and permitted the evidence to be offered, to which the defendant excepted. The court gave judgment for the plaintiff for the value of the trunk, and also for the value of the contents. The contents of the trunk, as thus proved, consisted principally of wearing apparel, with the addition of a few other articles, such as are frequently carried in a person’s traveling trunk.
The only question arising in the case is, whether the wife of the plaintiff was a competent witness to prove the articles contained in the trunk, and also their value. Upon this point the decisions in the different states are somewhat conflicting.
In Massachusetts, the rule has been established excluding such evidence. In the case of Snow v. The Eastern Railroad Company, which, like the present, was a suit brought against the company for the price of a trunk and contents, the court of common pleas permitted the plaintiff to testify to the articles contained in the trunk, and also to their value. The Supreme Court of Massachusetts, on writ of. error, to the ruling of the common pleas, hold that the evidence was inadmissible, and on that ground reversed tho judgment. In Pennsylvania, there have been numerous decisions the other way. The cases of Whitesell v. Crane, 8 Watts & Serg. 369, and McGill et al. v. Rowland, are both cases against stage eompanies, for lost trunks, and in both instances the *court held *275 that the plaintiffs were competent to prove the contents of the trunks, and the value of the articles.
The Supreme Court of Maine, Herman v. Drinkwater, 1 Greenl. 27, decided that when a captain of a vessel had converted the goods, contained in a box, which he had undertaken to ship from Liverpool to New York, in a suit against him, by the owner of the goods, that the owner was a competent witness to prove the contents of the box. The question has never been decided in this court, and the decisions in other states being conflicting, we feel at liberty to adopt such rule as to us apj>ears best calculated to promote the ends of justice.
The common-law rule, that a man shall not give evidence in his own case, is no doubt one that has its foundation in reason, and that could not, as a general rule, be departed from without being attended with pernicious results. The rule is established, not because it will tend to the promotion of j ustice, in all cases, that such a rule should exist. It can not be denied, that in many instances, a party to a suit would give the true state of facts in the case— would be able to give testimony that would be necessary to a correct decision of the matter in controversy. And if such would, generally, be the character of that kind of evidence, it would tend, in the general result, to the promotion of justice, and no rule for its exclusion could, with propriety be established. But on account of the strong temptation that selfishness and prejudice present to a party, when testifying in his own behalf, to misstate the facts, it has been thought best calculated to subserve the objects of judicial investigation, as a general rule, to exclude such evidence altogether. There are cases, however, where from the peculiar circumstances of the thing about which the evidence is to be given, rendering the testimony of the party necessary; and where, from some cause, the danger to be apprehended, from a party to a suit being a witness, being somewhat removed, exceptions have been made. As where a party to the suit, having first proved the existence of a paper, is permitted to *prove its loss, for the purpose of introducing secondary evidence of its contents. Here the property is of that kind that the loss of it would not be likely to be known to any one but the owner, and therefore the necessity of his testimony. The fact that the existence of the paper has first to be proved by other evidence, does away with *276 much of the danger that is ordinarily to be apprehended from a party’s inclination to swear falsely for his own benefit.
Another similar example is the departure that has, almost everywhere, been made from the rule, by permitting a party to testify to his book-account of the salo and delivery of goods, performance of labor, etc. Here the convenience of business is supposed to create a necessity for a departure from the rule ; and the general notoriety of the transaction is considered a sufficient guaranty against the false claim that a party, under other circumstances, might be able, by his own oath, to prove.
In the first place, then, does the necessity exist for the evidence of the party, in a case like the present? In many cases no person but the owner will be able to give a detailed account of the contents of a traveling trunk, containing his ordinary apparel and such other articles as may be necessary to his comfort whilst performing his journey. If he is a married man, his wife, as in the present instance, will be the only other person besides himself that will be likely to know what his trunk contains, and she is excluded by the general rule, The traveler has delivered his trunk to the common carrier, who has obligated himself to redeliver it to him; but although he is able to prove, by other evidence, the delivery of the trunk, and the failure of the carrier to redeliver it> yet because he is unable to prove the contents, his remedy is merely nominal—it amounts to nothing—and that in a case too where public policy requires in a peculiar manner that this remedy should be complete. But it is said that a person should have his trunk examined before he starts on his journey, by some one who would be a competent witness. This, however, is requiring more than the most careful will perform. A person starting on *a journey docs not calculate as a thing likely to happen that he will lose his trunk; and when ho has delivered it over to be transported, it is only by the delinquency of the carrier that he does lose it. It is said, however, that if a party be pormitted to testify to the value of his own property, companies like the plaintiff in error, whose business it is to carry passengers, will be subjected to great imposition. We think this objection is imaginary rather than real. If the person be known in the community where the suit is brought, it will not be difficult to rebut any exorbitant claim that he might set up for the value of his wardrobe. The character of an individual’s wardrobe is generally about as *277 well known among his acquaintances as that of any other part of his property. And if the party should be a stranger, a great deal of evidence could, in most cases, be obtained, that would enable a sensible jury, from their knowledge of men and things, to detect any attempted extortion. Cases might occur where a person, by his own oath, would recover more than he was entitled to; but we think that this evil is much less to be apprehended than the entire failure of justice that would necessarily arise from the'exclusion of his testimony. It is contended, however, on the part of plaintiff in error, that even if the plaintiff below in this ease, would be a competent witness to prove the contents of the trunk, his wife would not, and that the court erred in admitting her evidence. We do not see why the same rule that would admit the owner, in such a case, to testify, would not permit his wife. The same reasons would apply in the one case as in the other.
In the case in 3 Barr to which we have before referred, this question was directly presented, and the court there held that the same reasons that would authorize the husband to testify, would apply to the wife, and that her evidence was admissible. No exception has been taken, in this instance, to the character of the articles proved to have been in the trunk. We would merely remark, however, that we do not intend to carry the principle further than to such articles as are ordinarily carried in a traveling trunk.
*A majority of the court are of opinion that the evidence complained of was competent, and that the court of common pleas ruled correctly in admitting it.

The judgment of the court of common pleas will therefore he affirmed.

Hitchcock, C. J., dissented.