# Patterson *v.* Union Transfer Company, Appellant.

*Evidence—Carriers—Appraisal of lost goods—Witnesses—Competency of.*

In an action against a carrier to recover damages for the loss of a trunk and its contents, it was error to permit witnesses for the plaintiff to testify in chief as to the price demanded by shop-keepers for shawls, smaller and inferior in quality to the one lost, even though they were competent to testify as to the value of the particular shawl. It was also error to permit witnesses to appraise engravings without showing detailed or intimate knowledge of their character, quality or value.

Unframed engravings are not wearing apparel, or articles necessary and convenient for a traveler.

Argued December 14, 1925. Appeal No. 341, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, October T., 1923, No. 48, in the case of Lillian Patterson v. Union Transfer Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for the loss of a trunk and its contents. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court, and in report of former appeal at 84 Pa. Superior Ct. 273.

Verdict for plaintiff in the sum of $2,309.56 and judgment thereon. Defendant appealed.

*Errors assigned* were the various rulings on evidence.

*Robert W. Archbald, Jr.,* and with him *Matthew L. Barrett, Jr.,* for appellant.

*Grover C. Ladner,* of *Ladner and Ladner,* for appellee.

OPINION BY KELLER, J., February 26, 1926:

Defendant asks a reversal of the judgment in favor of plaintiff on two grounds: (1) That the schedule

filed by it with the Public Service Commission of this Commonwealth limits the recovery of damages for loss of goods delivered to it for carriage within the State— even though caused by its own negligence—to $100; (2) that evidence was improperly admitted as to the value of plaintiff's shawl and certain engravings.

. The first ground has been fully considered by this court in the case of Ensign v. Union Transfer Co., 250 October Term 1925, —— Pa. Superior Ct. ——, opinion by Judge HENDERSON filed this day, and decided adversely to the contention of appellant. For a further discussion of the subject we refer to that opinion.

The second ground we are obliged to sustain.

When the case was here before (84 Pa. Superior Ct. 273), the errors specially assigned and argued related, (1) to the refusal of the court below to strike off the plaintiff's statement of claim; and (2) to the instructions of the trial judge to the jury that the owner's valuation was "the best evidence of the value of personal property that she was the owner of." We sustained this second assignment relating to the charge of the court, and ordered a new trial. The rulings of the lower court on the admissibility of the testimony as to the value of the shawl and the engravings were not assigned for error, and were, therefore, not passed upon by us.

Counsel for the plaintiff and the learned court below apparently misunderstood the situation and regarded the action of this court as an approval of everything that had occurred on the first trial except the charge; whereas, our decision was determinative only of the matters complained of and passed upon.

We think plaintiff herself was properly permitted to testify to the value of the Chinese shawl which she owned. It was an article of apparel with which she was very familiar and which she had competently de-

scribed in detail to the jury. She had seen and com-
pared it with other shawls of the same general char-
acter, and from her knowledge of the prices which such
shawls sold for, as well as her general knowledge of
fabrics, embroidery, etc., was competent to testify as
to its value to her: Lloyd v. Haugh, 223 Pa. 148; Hof-
ford v. R. R. Co., 43 Pa. Superior Ct. 303, 316; McGill
v. Rowand, 3 Pa. 451, 453; Whitesell v. Crane, 8 W. &
S. 369, 372; Mish v. Wood, 34 Pa. 451, 454. But there
was no possible justification for permitting her to tes-
tify in chief as to the price asked by an Atlantic City
Boardwalk dealer for a shawl smaller and inferior in
quality to her own. The witnesses called by her did
not fix the value of the shawl, but were allowed to tes-
tify on direct examination that they had examined
shawls not as large or handsome as plaintiff's in At-
lantic City and Philadelphia which were priced at $750
and $800 respectively. This was error. If they were
competent to express an opinion as to its value—and
this was for the court to determine after the prelimi-
nary examination and cross-examination as to their fit-
ness and qualification in that respect—they should
have testified as to its value. They certainly should
not have been permitted to give evidence in chief of
what an Atlantic City Boardwalk store and a Philadel-
phia dealer were asking for a similar but inferior ar-
ticle.

As to the engravings (there were one hundred of
them, unframed), they were not wearing apparel or
articles necessary and convenient for the traveler
(Clark v. Spence, 10 Watts 335), nor did the plaintiff
or her witnesses show any detailed or intimate knowl-
edge of their quality, character or value. Plaintiff's
description of them was meager and showed no fitness
on her part to fix their value. It was not competent to
appraise them with reference to the prices marked in
shop windows for engravings, without regard to their

character and quality; and certainly not to introduce substantive evidence in chief of the fact that engravings in a well known gallery, as seen from the sidewalk, were marked at $36. If plaintiff and her witnesses familiar with the engravings are able to describe them in more detail, this description may be supplemented by the opinion of witnesses well-informed upon such subjects and competent to express an opinion as to their value: Mish v. Wood, supra. The difficulty of proving their value cannot justify the admission of wholly incompetent evidence.

The first, second, third, fourth, fifth, eighth, ninth, tenth and eleventh assignments of error are sustained. The judgment is reversed and a new trial is awarded.