## Benaquista v. Hardesty & Associates

228

Before Ellenbogen, Smart and Montgomery, JJ.

*Leonard, Bowman & Gill,* for plaintiffs.

*Frank R. Bolte,* for defendant.

SMART, J., June 17, 1959.—This case is before us on preliminary objections filed by defendant. Plaintiffs filed their complaint in trespass and alleged that they entered into an oral contract with defendant, who is a registered architect. Plaintiffs allege that they submitted to defendant a set of sketches prepared by themselves which employed their original and novel plans for the design of the house they intended to build and they requested defendant to use said sketches to prepare architectural drawings, plans and specifications. Defendant was paid $125 and did prepare and deliver to plaintiffs drawings, plans and specifications which did reflect the original design of plaintiffs.

Several weeks later plaintiffs allege that defendant submitted plaintiffs' original and novel plans and sketches to the Pittsburgh Press and a sketch of plaintiffs' proposed dwelling was published in the news-

paper. The advertisement accompanying this sketch stated that this dwelling was designed exclusively by defendant and that a complete set of plans could be purchased by sending $5.15 to the Press. Plaintiffs' complaint further alleges that this act of defendant was contrary to the terms of the aforesaid oral contract and that defendant breached all of the implied conditions of the oral contract. Plaintiffs claim compensation and exemplary damages. Defendant filed preliminary objections alleging that the complaint fails to state a cause of action in trespass.

We are of opinion that plaintiffs' complaint does set forth a cause of action in trespass, to wit, the tort of conversion of a person's property. The creator of an unique intellectual production, such as a picture, a book, a play, a compilation of facts or an architectural plan, has a property right in the thing created. This property right attaches to the incorporeal idea which has taken definite form in the mind of its creator, as distinguished from the paper upon which it is portrayed or the material of which it is physically composed. It was recognized at common law. Kurfiss v. Cowherd, 233 Mo. App. 397, 121 S. W. 2d 282, gives a most interesting and historical account of this type of case and cause of action. See also Thomas v. R. J. Reynolds Tobacco Company, 350 Pa. 262; Evans v. American Stores Company, 3 D. & C. 2d 160; Gendell v. Orr, 13 Phila. 191.

In the Thomas case, supra, our Supreme Court points out that a property right in an idea can only exist where the idea is concrete in form and novel and new.

Under the common law, the creator has an exclusive property right in designs for works of ornament or utility until publication is permitted. A publication is defined as the act of making public or known, as by offering for sale or disposition, the subject matter in

question: William A. Meier Glass Co., Inc., v. Anchor Hocking Glass Corp., 95 F. Supp. 264 (Dist. Ct., W. D., Pa., 1951). In the case before us, the delivery of the sketches by plaintiffs to defendant was not a publication and certainly was not conduct from which an intention to abandon their property right may be inferred. Under the facts as herein pleaded, defendant by his disclosure has breached a confidence reposed in him by plaintiffs.

Defendant also contends that most of plaintiffs' allegations sound in assumpsit, for example, allegations of "implied condition" and "verbal contract", and therefore plaintiffs must bring their action in assumpsit and not in trespass. Under our present rules, assumpsit and trespass cannot be joined in the same complaint. It may well be that the facts as herein pleaded give rise to both causes of action. However, it is unreasonable to require that plaintiffs in a proper case where both assumpsit and trespass will lie must select one and forego the other: Evans v. American Stores Company, 3 D. & C. 2d 160.

Defendant also contends that plaintiffs may not recover exemplary damages because there is no allegation of willful and wanton misconduct. This contention is not well taken since paragraph 21 of plaintiffs' complaint clearly alleges misconduct, "willful, intentional and deliberate."

For the reasons stated above, defendant's preliminary objections will be dismissed and defendant permitted 20 days within which to file additional pleadings.

### Order

And now, to wit, June 17, 1959, the preliminary objections filed ex parte defendant are hereby dismissed, and defendant is allowed 20 days to plead.

Eo die, exception noted to defendant and bill sealed.