J-S04040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
SHANE AARON POWELL, :
:
Appellant : No. 174 MDA 2014

Appeal from the Judgment of Sentence Entered October 22, 2013,
In the Court of Common Pleas of Cumberland County,
Criminal Division, at No(s): CP-21-CR-0001123-2013

BEFORE:  BOWES, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED MARCH 31, 2015**

Shane Aaron Powell (Appellant) appeals from the judgment of sentence entered October 22, 2013.  We affirm.

While living with his girlfriend, Appellant stole a number of collectibles from the girlfriend's father, Stephen Ott, to support his heroin addiction.[1] On August 29, 2013, Appellant pled guilty to one count of theft by unlawful

---

* Retired Senior Judge assigned to the Superior Court.

[1] The items stolen included a collection curated by Mr. Ott's father, which was named the most extensive collection of the 1936 Berlin Olympics by a prestigious stamp periodical. The collection included sheets of rare Olympics stamps, German cigarette cards, Olympics programs, an official's medal, as well as signatures of every medal winner in the Games, including Jesse Owens. This item was pawned and auctioned off in pieces by a shop in Baltimore, Maryland.  Additionally, Appellant stole seven ceremonial swords, including a Japanese katana surrendered on the U.S.S. Missouri at the end of World War II, miscellaneous antique items, historical currency, bayonets, a dagger from the 1800s, and various records.

taking. On October 22, 2013, Appellant was sentenced to a term of 5 years of probation and was ordered to pay restitution in the amount of $207,103.33. Appellant timely filed a post-sentence motion contesting the amount of restitution. On January 2, 2014, following a hearing, the trial court increased the amount of restitution to $216,903.33. This appeal followed. The trial court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and one was filed. The trial court timely filed its 1925(a) opinion.

Appellant raises the following issue for our review: "did the [trial] court abuse its discretion when finding the Commonwealth presented a factual basis in the record for the restitution amount awarded?" Appellant's Brief at 7 (unnecessary capitalization omitted).

We consider Appellant's argument mindful of the following.

> In the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

***Commonwealth v. Stradley***, 50 A.3d 769, 771–72 (Pa. Super. 2012) (citations and quotation marks omitted).

The restitution statute provides, in relevant part, as follows.

**§ 1106. Restitution for injuries to person or property**

**(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

* * *

**(c) Mandatory restitution.—**

(1) The court shall order full restitution:

(i) Regardless of the financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.

* * *

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

* * *

(4) (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This

> recommendation shall be based upon information solicited by the district attorney and received from the victim.

18 Pa.C.S. § 1106.

The crux of Appellant's argument is that the amount of restitution owed is speculative, at best. He maintains that Mr. Ott, the victim in this matter, in spite of his extensive experience with antiques and collectibles, overestimated the value of the stolen items. Appellant's Brief at 11-14. Accordingly, he argues that the trial court's order of restitution lacks factual support.

The trial court addressed Appellant's claim as follows.

> …The collectibles [stolen from the Ott home by Appellant] included many "one and only" items such as a stamp collection that was considered "the most extensive 1936 Olympics Collection in the world."
>
> We were satisfied that Mr. Ott's opinion as to the value of the collectibles stolen by [Appellant] was sufficient to prove their value. It has long been the law of this Commonwealth that "an owner of property, real or personal, is competent to testify as to its value." **Silver v. Television City, Inc**., [] 215 A.2d 335, 339 (Pa. Super[.] 1965). "It is only when it plainly appears that the owner has no knowledge of the value he expresses an opinion about that the presumption arising from ownership is overcome and the opinion is inadmissible." **Id.**
>
> Mr. Ott laid an extensive foundation for the basis of his opinion as to the value of the stolen items. He started with his experience. He has been involved with collectibles since he was a child, learning at the knee of his father who was an internationally renowned stamp collector. Not only has he been a collector all of his life, he also has many years of experience as a dealer. In addition his valuations were based upon specific research which included his prior sales of duplicate items, the

current market on E-bay for similar collectibles, and reference to stamp catalogs.

Mr. Ott presented a list of stolen items along with his opinion as to the value of each item. Not only were his opinions informed, they were very fair. In virtually every instance the values were set at the low end. Furthermore, where he could not give an accurate estimate, such as for the [one-of-a-kind] items, he did not claim restitution.

Trial Court Opinion, 5/21/2014, at 2-3.

As the trial court points out, Mr. Ott's restitution valuation is based on his experience and research. Mr. Ott testified that he has been an antiques dealer for approximately 20 years and has sold a number of items from the 1936 Olympics. N.T., 1/2/2014, at 8. With respect to how he priced the individual items, he testified that antiques dealers base their appraisals on dealer sheets, "grey sheets," and that he typically sells items for 30% below the sheet price. *Id.* at 10. Using the grey sheet prices and E-bay, he was able to come to a low-end estimate for the items he knew were stolen. *Id.* at 3-20. Appended to the certified record is Mr. Ott's breakdown of the requested restitution. This document includes a list of items known to be stolen and the value of those items, as well as photographs of part of the collection. Our review of the record supports the trial court's determination that the Commonwealth provided a sufficient factual basis on the record which supported its recommendation for restitution in the amount of $216,903.33. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015