J-A28019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TYLER R. WESTERFER, :
:
Appellant : No. 34 EDA 2017

Appeal from the Judgment of Sentence November 17, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012218-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 11, 2018**

Tyler Westerfer was arrested after he was found offering a stolen all-terrain vehicle ("ATV") for sale. After a bench trial, the court found him guilty of receiving stolen property. Westerfer argues the evidence at trial was insufficient to establish he knew the ATV was stolen. We conclude the evidence was insufficient to impute guilty knowledge to Westerfer, and therefore reverse the judgment of sentence.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). The Commonwealth may meet this burden

of proving every element of the crime by utilizing only circumstantial evidence. *See Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder, so long as the evidence presented is utterly incapable of supporting the necessary inferences. *See id*. This Court does not independently assess credibility or otherwise assign weight to evidence on appeal. *See Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004).

Here, Westerfer was convicted of receiving stolen property ("RSP"). Thus, the Commonwealth was required to prove that "he intentionally receive[d], retain[ed], or dispose[d] movable property of another knowing that it ha[d] been stolen, or believing that it ha[d] probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a). The crime thus has three elements: (1) intentionally taking possession of another person's movable property; (2) knowing or believing that it has been stolen; and (3) an intent to deprive the rightful owner of her property permanently. *See Commonwealth v. Robinson*, 128 A.3d 261, 265 (Pa. Super. 2015) (*en banc*).

Westerfer asserts the evidence at trial was insufficient to establish he was aware that the ATV had been stolen. The Commonwealth presented the following evidence at the short bench trial.

Andrew Vaughan testified his roommate, Jessie Brown, had stolen the ATV, a 2005 blue Honda CYL, from him. **See** N.T., Bench Trial, 7/21/16, at 9, 13. Approximately ten months after the theft, Vaughan saw a vehicle he believed to be his stolen ATV advertised for sale on Facebook for approximately market value. **See id**., at 9-10, 14. Westerfer was the seller, and had posted the advertisement on a public page using his real name. **See id**., at 25-26. Vaughan arranged for a friend, Phillipp Bachurski, to offer to buy the ATV. **See id**., at 22.

Both Vaughan and Bachurski arrived at the mall parking lot where they had arranged to meet Westerfer. **See id**. While Bachurski talked to Westerfer, Vaughan called the police. **See id**., at 11.

Police arrived fifteen minutes later, and checked the ATV's vehicle identification number. They discovered the ATV was, in fact, the one stolen from Vaughan. **See id**., at 17-18. After determining Westerfer had no paperwork documenting either his purchase of the ATV or his ownership, the officer arrested him. **See id**., at 18.

Bachurski admitted Westerfer was discussing drawing up a bill of sale when the police arrived. **See id**., at 26-27. Furthermore, the officer testified there were no signs the ATV had been physically altered in a manner suggesting it had been stolen. **See id**., at 19.

Westerfer correctly argues that mere possession of stolen property is insufficient to establish his guilty knowledge under our case law. **See**

*Robinson*, 128 A.3d at 267-268. However, we have sanctioned many other forms of circumstantial evidence to support an inference of guilty knowledge. Evidence that the property was only recently stolen allows for an inference of guilty knowledge. *See id*., at 268. Other acceptable forms of circumstantial evidence

> may include, inter alia, the place or manner of possession, alterations to the property indicative of theft, the defendant's conduct or statements at the time of arrest (including attempts to flee apprehension), a false explanation for the possession, the location of the theft in comparison to where the defendant gained possession, the value of the property compared to the price paid for it, or any other evidence connecting the defendant to the crime.

*Id*. (citations omitted).

Westerfer also accurately asserts that most of these factors are in his favor. There was no indication of damage indicative of theft. Westerfer had advertised the ATV on a public forum, using his real name and contact information. He appeared for the sale in a public lot in broad daylight. Furthermore, he was offering the ATV for an amount that was roughly market value. There was no evidence presented regarding the price Westerfer had paid when he allegedly purchased the ATV.

However, the trial court, sitting as fact-finder, focused on Westerfer's explanation for his possession of the ATV. The court found it incredible that Westerfer did not have a title for the ATV, or even a bill of sale. It therefore concluded Westerfer's explanation for possession of the ATV was false.

Westerfer argues the court's reasoning is improper. In **Robinson**, this Court held that the defendant could not be faulted for a lack of explanation of possession of a stolen handgun where the Commonwealth had not presented any other circumstantial evidence of guilty knowledge. **See id**., at 269-270. Thus, Westerfer contends, the trial court could not consider his explanation for his possession of the ATV as he believes the Commonwealth did not present any other circumstantial evidence of guilty knowledge.

The trial court, in its opinion, does not address **Robinson**. Nor does it make any explicit findings on the recency of the theft or the value of the ATV compared to the sales price. Instead, the court continues to focus on the absence of a title or bill of sale recording the transaction. As Westerfer points out, however, the ATV, as a 2005 model, was not necessarily required to be titled. **See** 75 Pa.C.S.A. § 7712.1(b)(1). Even so, the Commonwealth asserts Westerfer was still required to register the ATV under 75 Pa.C.S.A. § 7711.1(a). Nonetheless, § 7711.1(a) only requires registration for operation of an ATV, and there is no evidence of record that Westerfer ever operated it.

The Commonwealth argues this case is distinguishable from **Robinson**. First, the Commonwealth contends it presented evidence the ATV was recently stolen. Specifically, Vaughan testified it had been stolen ten months prior to Westerfer's arrest. In contrast, the Commonwealth argues there was "*no* evidence to establish how recent the theft had been" in **Robinson**. Appellee's Brief, at 7 (emphasis in original).

"Whether possession is recent, and how recent it is, are normally questions of fact for the trier of fact." **Commonwealth v. Williams**, 362 A.2d 244, 249 (Pa. 1976) (citations omitted). However, there are limits to this deference. A fact-finder may not draw an inference that is only tenuously connected to the evidence. **See Commonwealth v. McFarland**, 308 A.2d 592, 594 (Pa. 1973). Thus, a fact-finder may not find an eleven-month-old theft to be recent. **See Robinson**, 128 A.3d at 269 n.5.

Here, the record establishes the theft had occurred ten months prior Westerfer's arrest. Furthermore, there is no evidence or even assertion that Westerfer was involved in the theft. There is evidence that another person, not linked to Westerfer in the record, committed the crime. Under these circumstances, we cannot agree that the theft qualifies as sufficiently recent to allow for an inference of guilty knowledge.

The Commonwealth next argues the disparity between Vaughan's estimate of the value of the ATV ($2,400) and Westerfer's sale price ($2,100) allows for an inference of guilty knowledge. Vaughan's testimony is competent evidence of the ATV's value. **See Commonwealth v. Warlow**, 346 A.2d 826, 829 (Pa. Super. 1975). "It is only when it plainly appears that the owner has no knowledge of the value he expresses an opinion about that the presumption arising from ownership is overcome[.]" **Silver v. Television City, Inc.**, 215 A.2d 335, 339 (Pa. Super. 1965) (citation omitted).

There is no evidence regarding the basis of Vaughan's knowledge. Thus, the estimate is competent evidence. However, it is also therefore true that there is no evidence whether $2,100 is an unreasonable price for the ATV. The discrepancy between Vaughan's estimate and Westerfer's sale price is equivalent to 1/8th of Vaughan's estimate. This discrepancy is significant, but not so significant as to be considered automatically suspicious in the absence of other evidence.

For example, a discrepancy of 50%, standing on its own, would certainly permit a reasonable inference of guilty knowledge. On the other hand, a discrepancy of 1% would seem to require some other evidence to establish that it was an unreasonable price.

While the trial court was permitted to credit Vaughan's testimony as to value,[1] the significance of the discrepancy is an independent issue. Based upon the record before us, we conclude the discrepancy at issue is insufficient, on its own, to support an inference of guilty knowledge. Without more evidence, any inference would be pure speculation. As such, we cannot conclude this evidence supports an inference of guilty knowledge.

_____

[1] We note the trial court, in its opinion, does not reference the issue of discrepancy in value. Ultimately, however, this is irrelevant to our legal analysis. **See Stephan v. Waldron Electric Heating and Cooling LLC**, 100 A.3d 660, 664-665 (Pa. Super. 2014) (non-jury verdicts to be treated the same as jury verdicts).

Based on these conclusions, we are left with one basis to impute guilty knowledge to Westerfer: the court's finding that his explanation for possession was incredible. Under **Robinson**, this cannot be the only basis for inferring guilty knowledge. We therefore conclude the evidence at trial was insufficient to sustain Westerfer's conviction for receiving stolen property and reverse his judgment of sentence.

Judgment of sentence reversed. Appellant discharged. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/11/18